# In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 04-3145

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

WINTHROP P. WILLIAMS, JR.,

*Defendant-Appellant.*

————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 04 CR 33—**Larry J. McKinney**, *Chief Judge.*

————————

ARGUED FEBRUARY 11, 2005—DECIDED MARCH 16, 2005

————————

Before BAUER, POSNER, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* Defendant-Appellant Winthrop P.
Williams, Jr. challenges the denial of his motion to suppress
evidence seized during a search of his home. The evidence
led to his indictment and conditional plea of guilty on one
count of possession with intent to distribute more than
50 grams of cocaine. Specifically, Williams takes issue with
a warrantless search of his residence, conducted immedi-
ately prior to a search authorized by a warrant, where the
police first observed the evidence at issue. The district court

found that the independent source doctrine applied in this case and denied the motion to suppress. We affirm.


*Background*

Police in Madison County, Indiana made controlled purchases of cocaine base from Williams through a confidential informant on December 31, 2003, January 16, 2004, and January 22, 2004. On each occasion, one gram of cocaine was purchased for $100. After the second controlled purchase, the lead detective on the case, Clifford Cole, planned to make one more controlled buy of cocaine from Williams and then obtain a search warrant for his residence. Detective Cole noted this plan in his report following the second purchase.

On January 22, 2004, the night of the third controlled purchase, Williams left his apartment, drove a few blocks away, and at approximately 8:35 p.m., sold cocaine to the informant. A few minutes after the buy, Williams was stopped in his vehicle and arrested. At 8:45, while Cole was retrieving the cocaine from the informant, he was informed of Williams' arrest. Cole then decided to proceed with his plan of obtaining a warrant for Williams' residence. At 9:00, Cole contacted the prosecutor's office and requested a search warrant. At 9:42, Madison County Circuit Court Judge Frederick Spencer issued a search warrant for the residence.

Meanwhile, unbeknownst to Cole, other members of the police had entered Williams' apartment after the arrest and commenced a search of the premises without a warrant. These officers observed evidence, including cocaine, U.S. currency, firearms, and a digital scale. This evidence was later seized pursuant to the search warrant.

Williams was indicted on three counts of distribution of cocaine base and one count of possession with intent to distribute over 50 grams of cocaine base. He filed a motion

to suppress the evidence seized from his home. Cole testified that he was unaware of the warrantless entry into Williams' residence and that the entry did not influence his decision to obtain a search warrant. Also, the affidavit in support of the search warrant did not make any mention of the warrantless entry or the evidence observed there. The district court found Cole's testimony to be credible, determined that the search warrant did not rely on any information obtained from the warrantless entry, and denied Williams' motion to suppress. Subsequently, Williams pleaded guilty while reserving the right to appeal the suppression issue.

*Discussion*

On appeal, Williams asserts that the district court erred in denying his motion to suppress evidence found in his residence. When reviewing a district court's denial of a motion to suppress, we examine the district court's factual determinations for clear error and review questions of law *de novo. United States v. Brown*, 133 F.3d 993, 998 (7th Cir. 1998).

The proper way to balance society's interest in deterring police misconduct and society's interest in having juries receive all probative evidence of a crime is to place police in the same, not a worse, position they would have been in absent the misconduct. *Nix v. Williams*, 467 U.S. 431, 443 (1984). The independent source doctrine permits the introduction of evidence that was initially discovered during an unlawful search if the evidence was seized later during a search that was not tainted by the initial illegality. *United States v. May*, 214 F.3d 900, 906 (7th Cir. 2000). The key to determining whether the independent source doctrine applies, therefore, is to ask whether the evidence at issue was obtained by independent legal means. *Id.* We must resolve two questions: (1) whether Detective Cole's decision to

seek a search warrant was prompted by the evidence seen or seized during the warrantless search; and (2) whether such evidence affected Judge Spencer's decision to issue the search warrant. *See United States v. Markling*, 7 F.3d 1309, 1315-16 (7th Cir. 1993).

First, there is no causal link in the instant case between the warrantless search and the decision to seek a search warrant. The police had already arranged and executed two controlled purchases of cocaine through a confidential informant. Also, Cole noted his plan to obtain a search warrant in the police report following the second purchase, several days before the warrantless search. After the third purchase and subsequent arrest, Cole followed through on his plan to obtain a warrant without any knowledge of the search being conducted simultaneously. We agree with the district court that Cole's decision to seek a search warrant was not prompted by any evidence found during the warrantless search.

Second, Judge Spencer's decision to issue the search warrant was not influenced by the evidence discovered at Williams' home. The affidavit in support of the search warrant made no mention of any evidence obtained from the warrantless search. Cole never mentioned this evidence and was, in fact, unaware that the search was even taking place. Therefore we agree that in issuing the warrant, the judge was not influenced by any evidence observed during the warrantless search.

*Conclusion*

For the reasons stated herein, we find that the independent source doctrine applies to this case, and the decision of the district court is AFFIRMED.

No. 04-3145                                                                        5

A true Copy:

   Teste:


                              _____
                              *Clerk of the United States Court of*
                              *Appeals for the Seventh Circuit*